IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MELISSA MYSCH**                                                                           **PLAINTIFF**

v.                                      No. 3:25-cv-128-DPM

**JOHN HUTCHINS, in his individual and
official capacities as an officer for the City
of Cherokee Village, Arkansas**                                                **DEFENDANT**

## ORDER

Melissa Mysch was arrested and detained for interfering with her grandson's custody arrangement. She says that police officer John Hutchins lied on the warrant affidavit that led to her arrest. Mysch says he did so because she accused him of corruption, and he vowed to "destroy [her] life." *Doc. 7 at 2*. She has sued Officer Hutchins for violations of the First and Fourth Amendments and analogous provisions in the Arkansas Constitution, the Arkansas Civil Rights Act, abuse of process, and malicious prosecution. ARK. CONST. art. II, §§ 6 & 15; Ark. Code Ann. § 16-123-105. Officer Hutchins moves to dismiss, arguing immunity and other grounds. In response, Mysch questioned the constitutionality of the Arkansas immunity statute, Ark. Code. Ann. § 21-9-301. The Court certified the challenge to the Attorney General of Arkansas. *Doc. 18*. The Attorney General has not intervened to defend the statute.

In ruling on Officer Hutchins's motion, the Court takes all facts alleged by Mysch as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It will, however, consider the warrant affidavit that Officer Hutchins included with his motion to dismiss. It's embraced by Mysch's complaint. *Enervations, Inc. v. Minnesota Mining & Manufacturing Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). The Court analyzes Mysch's federal claims in step with her state Constitution and ACRA claims. *McCullough v. University of Arkansas for Medical Sciences*, 559 F.3d 855, 865 (8th Cir. 2009) (freedom of speech); *Glasper v. City of Hughes*, 269 F. Supp. 3d 875, 887 (E.D. Ark. 2017) (freedom from seizure).

\*

First, Mysch's claims against Officer Hutchins in his official capacity fall short. They're really claims against Cherokee Village. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). But she has alleged no facts about a policy or custom that was the moving force behind her arrest. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). She hasn't pleaded facts showing a pattern of Officer Hutchins, or other officers, lying on warrant affidavits, either. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Next are Mysch's individual capacity claims. She says that Officer Hutchins's arrest warrant was no good, lacking in probable cause, because he lied about bank records in his requesting affidavit. Officer Hutchins said Mysch allowed her daughter to access her bank

accounts, had a duplicate ATM card made for her daughter, and bank records indicated that Mysch, her daughter, and her grandson were residing in Texas—none of which was true. *Doc. 7 at 3.*

Officer Hutchins responds by arguing qualified immunity from § 1983 liability. He's entitled to it so long as the warrant affidavit, reconstructed without the alleged lies, would still provide probable cause to arrest Mysch. *Hunter v. Namanny*, 219 F.3d 825, 829 (8th Cir. 2000). "Probable cause is not a high bar." *D.C. v. Wesby*, 583 U.S. 48, 57 (2018) (quotations omitted).

Officer Hutchins swore to more than the bank record evidence. His affidavit says:

- Mysch had been living with her daughter in Arkansas;

- Her daughter missed her custody exchange and hadn't been heard from since;

- Mysch set up a forwarding post office box for herself and her daughter in Missouri;

- When officers investigated, she told the police that her daughter and grandson had moved to Missouri, but she refused to initiate a missing-persons report;

- Mysch sold her home in Arkansas and moved to North Carolina; and

- Mysch changed her phone number several times after the missed custody exchange, using friends' phone numbers that weren't registered to her.

*Doc. 10* at 2–3. Without the false information about bank records, the reconstructed affidavit still establishes probable cause that Mysch interfered with her grandson's visitation. *Compare Hunter*, 219 F.3d at 829; Ark. Code Ann. § 5-26-501(a). Officer Hutchins is therefore entitled to qualified immunity on Mysch's claim under *Franks v. Delaware*, 438 U.S. 154 (1978).

For these same reasons, her retaliatory free-speech claim fails. Again, the Court takes the facts in the light most favorable to Mysch. Officer Hutchins's reconstructed warrant affidavit created probable cause. She alleges no "otherwise similarly situated" non-speakers. All this defeats the plausibility of her *Nieves* claim. *Nieves v. Bartlett*, 587 U.S. 391, 401–08 (2019).

Mysch's malicious prosecution claim also fails. Lack of probable cause is an essential element of this tort. *Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 163, 15 S.W.3d 320, 324 (2000). Mysch hasn't plausibly alleged that Officer Hutchins's reconstructed warrant affidavit provided no probable cause.

Finally, her abuse of process claim fails, too. The parties agree on the elements. *South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 501, 36 S.W.3d 317, 323 (2001). Extortion or coercion is this tort's core. *Ibid.* When Mysch complained to Officer Hutchins about the quality of his investigation, he threatened to "destroy [her] life." He then called Texas authorities and told them to keep her detained, even after a Texas

judge had ordered her released. *Doc. 7 at 2–3.* Based on the pleaded facts, Officer Hutchins wasn't trying to extort or coerce Mysch—he was punishing her, following through on his promise to destroy her life.

*

Officer Hutchins's motion to dismiss, *Doc. 9*, is granted. Mysch's motion to declare Arkansas's immunity statute unconstitutional, *Doc. 11*, is denied as moot. The Court need not, and does not, resolve that challenge in this case.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

28 January 2026